1

2

3                  UNITED STATES DISTRICT COURT

4                 NORTHERN DISTRICT OF CALIFORNIA

5

6    PAUL SAMUEL JOHNSON,                Case No.  14-cv-05397-CW (PR)

          Plaintiff,
7                                        ORDER DENYING, WITHOUT
        v.                               PREJUDICE, MOTIONS TO PROCEED
8                                        IN FORMA PAUPERIS UNDER 28
     THE SONOMA COUNTY MAIN ADULT        U.S.C. SECTION 1915(G) AND
9    DETENTION FACILITY, et al.,         GRANTING PLAINTIFF LEAVE TO
                                         FILE AN AMENDED COMPLAINT
10          Defendants.
                                         Re: Dkt. Nos. 2, 4
11

12        On December 9, 2014, Plaintiff Paul Samuel Johnson, a state

13   prisoner currently incarcerated at the Sonoma County Main Adult

14   Detention Facility (Sonoma County Jail), filed a pro se civil

15   rights action pursuant to 42 U.S.C. § 1983 for alleged

16   constitutional violations that occurred while he was incarcerated

17   at the Sonoma County Jail.  Plaintiff has also filed two motions

18   to proceed in forma pauperis (IFP).  For the reasons discussed

19   below, the Court finds that Plaintiff has three strikes under 28

20   U.S.C. § 1915(g) and denies his applications to proceed IFP,

21   without prejudice to his showing that his complaint alleges that

22   he was in imminent physical danger at the time he filed it.

23                         LEGAL STANDARD

24        A prisoner may not bring a civil action IFP under 28 U.S.C.

25   § 1915 "if the prisoner has, on 3 or more prior occasions, while

26   incarcerated or detained in any facility, brought an action or

27   appeal in a court of the United States that was dismissed on the

28   grounds that it is frivolous, malicious, or fails to state a

United States District Court
Northern District of California

1   claim upon which relief may be granted, unless the prisoner is

2   under imminent danger of serious physical injury."  28 U.S.C.

3   § 1915(g).

4        For purposes of a dismissal that may count under § 1915(g),

5   the phrase "fails to state a claim on which relief may be

6   granted" parallels the language of Federal Rule of Civil

7   Procedure 12(b)(6) and carries the same interpretation; the word

8   "frivolous" refers to a case that is "'of little weight or

9   importance: having no basis in law or fact,'" and the word

10  "malicious" refers to a case "filed with the 'intention or desire

11  to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th

12  Cir. 2005) (citation omitted).  Only cases within one of these

13  three categories can be counted as strikes for § 1915(g)

14  purposes, so the mere fact that a plaintiff has filed many cases

15  does not alone warrant dismissal under § 1915(g).  Id.  Rather,

16  dismissal of an action under § 1915(g) should only occur when,

17  "after careful evaluation of the order dismissing an [earlier]

18  action, and other relevant information, the district court

19  determines that the action was dismissed because it was

20  frivolous, malicious or failed to state a claim."  Id.  A

21  dismissal under § 1915(g) means that a prisoner cannot proceed

22  with his action IFP under § 1915(g), but he still may pursue his

23  claims if he pays the full filing fee at the outset of the

24  action.  Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997).

25                              DISCUSSION

26  I. Plaintiff's Strikes

27       On April 2, 2015, the Court dismissed one of Plaintiff's

28  previous cases, Johnson v. Hanna, et al., C 14-1300 CW (PR),

2

United States District Court
Northern District of California

1    without prejudice to filing it as a paid complaint because

2    Plaintiff had at least three previous cases that were dismissed

3    on grounds that qualified as strikes under 28 U.S.C. § 1915(g)

4    and his complaint did not make a plausible allegation that he

5    faced imminent physical danger at the time he filed it.  See

6    Johnson v. Hanna, C 14-1300 CW (PR), Dkt. No. 29.

7        These dismissals count as strikes under § 1915(g) in this

8    case, also.  They are as follows:

9        (1) Johnson v. Cate, case no. C 11-2749 MCE CKD (E.D. Cal.),

10   where the Court dismissed the complaint after notifying Plaintiff

11   "that his complaint failed to state a claim and he did not

12   correct the deficiencies identified by the Court."  Hanna, C 14-

13   1300 CW (PR) at 3-4 (citing O'Neal v. Price, 531 F.3d 1146, 1154

14   (9th Cir. 2008) (dismissal without prejudice counts as a strike

15   under § 1915(g) if it is based on the action's frivolousness,

16   maliciousness or failure to state a claim)).

17       (2) Johnson v. Cate, case no. C 12-0598 GGH P (E.D. Cal.),

18   where

19           the Court dismissed Plaintiff's complaint
             because it was "not clear what plaintiff's
20           claims are."  Plaintiff was granted leave to
             amend and was granted two extensions of time
21           in which to file an amended complaint.
             Plaintiff failed to file an amended complaint
22           and, on October 16, 2012, the Court dismissed
             the complaint because the allegations were
23           unclear and unintelligible and for failing to
             follow the court's instructions.

24   Hanna, C 14-1300 CW (PR) at 4.

25       (3) Johnson v. Alison, app. no. 12-17463 (9th Cir.), where

26           the Ninth Circuit issued an order finding
             that Plaintiff's appeal was frivolous and, as
27           a result, concluded he was not entitled to
             IFP status on appeal.  On January 11, 2013,
28           the appeal was ultimately dismissed for

United States District Court
Northern District of California

1

2

> failure to pay the filing fee.  Because the
> Ninth Circuit found the appeal to be
> frivolous, the dismissal of the appeal
> qualifies as a strike under § 1915(g).

3   Hanna, C 14-1300 CW (PR) at 4-5.

4       (4) Johnson v. Toby, case no. 11-1975 CW (PR) (N.D. Cal.),

5   where

6

7

8

9

10

11

12

> the Court conducted an initial review of the
> complaint and found the allegations failed to
> state a claim upon which relief could be
> granted.  The Court also dismissed
> Plaintiff's amended complaint for failure to
> state a claim but granted Plaintiff an
> additional twenty-eight days to file a second
> amended complaint to cure the noted
> deficiencies.  The Court dismissed the action
> when Plaintiff failed to file a second
> amended complaint; judgment was entered
> accordingly.  The dismissal of this case for
> failure to state a claim upon which relief
> may be granted qualifies as a strike under
> § 1915(g).

13   Hanna, C 14-1300 CW (PR) at 5.

14       (5) Johnson v. City of Santa Rosa, case no. 12-1409 CW (PR)

15   (N.D. Cal.), where

16

17

18

19

20

21

22

23

> the Court dismissed Plaintiff's complaint for
> failure to state a claim upon which relief
> may be granted and also granted his request
> to proceed IFP.  On December 3, 2012, the
> Court revoked Plaintiff's IFP status because
> he was no longer incarcerated.  On December
> 27, 2012, the Court dismissed the action and
> entered judgment because Plaintiff had not
> paid the filing fee or submitted a completed
> non-prisoner IFP application.  Because this
> action was dismissed for failure to state a
> claim and Plaintiff failed to correct the
> pleading deficiencies, the dismissal of this
> case counts as a strike under § 1915(g).

24   Hanna, C 14-1300 CW (PR) at 5.

25       Because more than three of Plaintiff's cases were dismissed

26   on grounds that qualify as strikes under § 1915(g), he can only

27   proceed IFP in this action if he qualifies for the imminent

28   danger exception.  See Andrews v. Cervantes, 493 F.3d 1047, 1053

4

United States District Court
Northern District of California

1  (9th Cir. 2007).

2  II. "Imminent Danger" Exception

3      The "imminent danger" exception "applies if the complaint

4  makes a plausible allegation that the prisoner faced imminent

5  physical danger at the time of filing" the complaint.  Id. at

6  1055.  The complaint is the focus of the inquiry.  Id.; Abdul-

7  Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).

8  Courts may reject allegations that are "overly speculative and

9  fanciful."  Andrews, 493 F.3d at 1056-57, n.11.  The plaintiff

10 must show a nexus between the imminent danger alleged in the

11 complaint and the claims it asserts.  Pettus v. Morgenthau, 554

12 F.3d 293, 299 (2nd Cir. 2009).  This means that the plaintiff

13 must show that: (1) the imminent danger of serious physical

14 injury is fairly traceable to the unlawful conduct asserted in

15 the complaint; and (2) a favorable judicial outcome would redress

16 that injury.  Id.

17     In his complaint, Plaintiff names the following individuals

18 as Defendants: Sheriff Frietas; Assistant Sheriff Walker; Dr.

19 Fadoki; ADA Coordinator Johnson; and "DGO Sulley."  The complaint

20 alleges that, during the time Plaintiff was a prisoner in the

21 custody of the California Department of Corrections and

22 Rehabilitation, until he was released on parole on October 12,

23 2014, he was prescribed narcotic pain medications for his spine

24 and hip diseases, mobility devices for his mobility problems,

25 orthopedic shoes, a double mattress and a double pillow.  Comp.

26 at 3.[1]  During that time, Plaintiff took six narcotic pain pills

27 

28 [1] Page numbers are from the Court's electronic case management
docketing system.

United States District Court
Northern District of California

1    every day.  Id.

2        The complaint alleges that Plaintiff was sent to the Sonoma

3    County Jail twice in the last thirty days for parole violations—

4    in mid-October for five days and on November 12, 2014.  Comp. at

5    5.  It alleges that Sonoma County Jail Doctor Fadoki refused to

6    prescribe Plaintiff his "correct medications ever since she began

7    working here [Sonoma County Jail] about 4 years ago."  Comp. at

8    6.  Each time Plaintiff has seen Dr. Fadoki, she "has denied to

9    treat" him and has told him that she has turned the jail into a

10   "non-narcotic" facility and "will not issue those level [sic] of

11   pain meds to me no matter how badly I'm in pain."  Id.  Dr.

12   Fadoki refuses to treat Plaintiff or to look at his medical

13   record.  Comp. at 13.  ADA Coordinator Johnson also refuses "to

14   honor" Plaintiff's medical records.  Id.  "DGO Sulley" has denied

15   Plaintiff's appeals.[2]  Id.

16       The complaint also alleges that Assistant Sheriff Walker has

17   taken away all inmate rights over the last fifteen years,

18   illegally charges inmates $3.26 each week for "welfare bags" and

19   taxes inmate accounts.  He encourages the practices of "yard

20   counseling,"[3] sensory deprivation cells and indeterminate

21   confinement in administrative segregation.  Comp. at 11.  The

22   complaint alleges that Plaintiff has been "yard counseled"

23

24

25   [2] Because this allegation appears in the paragraph discussing
     Plaintiff's medical treatment, the Court assumes it refers to
26   Plaintiff's appeals of his medical treatment.

27   [3] According to Plaintiff's allegations, if the guards "feel an
     inmate is a problem," they force the inmate out of his cell and
28   into the yard in handcuffs and proceed to beat, choke and
     suffocate him.  This is known as "yard counseling."  Comp. at 7.

United States District Court
Northern District of California

1    twenty-five times in the last fifteen years because the guards

2    enjoy it and think they can get away with it.  Comp. at 10.  It

3    also alleges that, on two separate occasions, Assistant Sheriff

4    Walker came into Plaintiff's cell and threatened to kill him

5    because he has filed civil rights complaints.  Assistant Sheriff

6    Walker laughed at Plaintiff, called him an "asshole," and had his

7    guards slam Plaintiff to the floor as he walked out.  Comp. at

8    12.

9         As Plaintiff's complaint is plead, it does not allege that

10   he was in imminent danger at the time he filed it.  In Johnson v.

11   Hanna, case no. C 14-1300 CW (PR), Plaintiff similarly alleged

12   that a doctor at San Quentin State Prison had refused to

13   prescribe him pain medications, specifically Tylenol #3.  Id. at

14   7.  The Court found that Plaintiff's allegations were

15   insufficient to show that he was in imminent danger of physical

16   injury from the doctor's actions, especially because he was soon

17   transferred from San Quentin to another institution.  Id.

18        The allegations about the denial of Plaintiff's pain

19   medication in this complaint are similar.  From the allegations,

20   it appears that Plaintiff has been released on parole but, due to

21   parole violations, he has been re-incarcerated at least twice.

22   Therefore, his allegations of recent denial of pain medication

23   appear to be for short periods of time.  See Andrews, 493 F.3d at

24   1056-57 (continuing harm must be alleged as a result of being

25   denied medication); White v. Colorado, 157 F.3d 1226, 1231 (10th

26   Cir. 1998) (allegations of imminent danger due to withheld

27   medical treatment must be more than conclusory assertions);

28   McNeil v. United States, 2006 WL 581081, *3 (W.D. Wash.)(same).

7

United States District Court
Northern District of California

1    Other allegations focus on Dr. Fadoki's conduct that occurred

2    many years ago.  These allegations are insufficient to show

3    imminent physical danger at the time Plaintiff filed his

4    complaint.

5        The conclusory allegations against ADA Coordinator Johnson

6    and DGO Sulley do not show imminent danger or even state a

7    cognizable claim against them.

8        The allegations that Plaintiff was subjected to "yard

9    counseling" might show imminent danger.  However, Plaintiff

10   appears to be alleging that the yard counseling and other

11   incidents of physical violence against him occurred when he was

12   incarcerated at Sonoma County Jail many years ago.  Thus, these

13   allegations are insufficient to show that Plaintiff was in

14   imminent physical danger on December 9, 2014, at the time he

15   filed his complaint.  However, the Court grants Plaintiff leave

16   to clarify his allegations in an amended complaint to determine

17   if it alleges he was in imminent physical danger at that time.

18                              CONCLUSION

19       For the foregoing reasons, the Court orders as follows:

20       1. Plaintiff's motions to proceed IFP are denied without

21   prejudice to Plaintiff's alleging in an amended complaint, if he

22   truthfully can do so, that he was in imminent physical danger on

23   December 9, 2014, when he filed his original complaint.

24       2. Plaintiff may, but is not required to, file an amended

25   complaint within twenty-eight days from the date of this Order.

26   If Plaintiff fails to submit an amended complaint within twenty-

27   eight days, his motions to proceed IFP will be denied with

28   prejudice and this action will be dismissed without prejudice to

8

United States District Court
Northern District of California

1   Plaintiff refiling it with the full filing fee.

2       If Plaintiff files an amended complaint, he shall use the

3   court's civil rights complaint form, a copy of which is provided

4   herewith, and include in the caption both the case number of this

5   action, No. C 14-5397 CW (PR), and the heading "AMENDED

6   COMPLAINT."  Because an amended complaint completely replaces the

7   original complaint, Plaintiff must include in it all the claims

8   he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258,

9   1262 (9th Cir. 1992).  Plaintiff may not incorporate material

10   from the original complaint by reference.

11       3. It is Plaintiff's responsibility to prosecute this case.

    He must keep the Court informed of any change of address and must

12   comply with the Court's orders in a timely fashion.

13       Failure to do so may result in the dismissal of this action,

14   pursuant to Federal Rule of Civil Procedure 41(b), for failure to

15   prosecute.

16       4. The Clerk of the Court shall provide Plaintiff with a

17   blank civil rights complaint form.

18       5. This Order terminates docket numbers 2 and 4.

19       IT IS SO ORDERED.

20   Dated: 04/15/2015

21                              _____
22                              CLAUDIA WILKEN
                                United States District Judge
23

24

25

26

27

28